UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| PATRICIA KENNEDY, Individually, <br><br> Plaintiff, <br><br> v. <br><br> KOURSAROS, LLC, d/b/a SIZZLING GRILL & JOHN B. HAZAKIS, <br><br> Defendants. <br> _____/ | Case No. |

**COMPLAINT**
(Injunctive Relief Demanded)

Plaintiff, PATRICIA KENNEDY, Individually, on her behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendants, KOURSAROS, LLC, d/b/a SIZZLING GRILL & JOHN B. HAZAKIS, (sometimes referred to as "Defendants"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff is a Florida resident, lives in Broward County, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Plaintiff is unable to engage in the major life Plaintiff is unable to engage in the major life activity of walking more than a few steps without assistive devices. Instead, Plaintiff is bound to ambulate in a wheelchair or with a cane or other support and has  limited use of her hands. She is unable to tightly grasp, pinch and twist of the wrist to operate. When ambulating beyond the comfort of her own home, Plaintiff must

primarily rely on a wheelchair. Plaintiff requires accessible handicap parking spaces located closest to the entrances of a facility. The handicap and access aisles must be of sufficient width so that she can embark and disembark from a ramp into her vehicle. Routes connecting the handicap spaces and all features, goods and services of a facility must be level, properly sloped, sufficiently wide and without cracks, holes or other hazards that can pose a danger of tipping, catching wheels or falling. These areas must be free of obstructions or unsecured carpeting that make passage either more difficult or impossible. Amenities must be sufficiently lowered so that Plaintiff can reach them. She has difficulty operating door knobs, sink faucets, or other operating mechanisms that tight grasping, twisting of the wrist or pinching. She is hesitant to use sinks that have unwrapped pipes, as such pose a danger of scraping or burning her legs. Sinks must be at the proper height so that she can put her legs underneath to wash her hands. She requires grab bars both behind and beside a commode so that she can safely transfer and she has difficulty reaching the flush control if it is on the wrong side. She has difficulty getting through doorways if they lack the proper clearance. Ms. Kennedy's access to the Defendant's property or to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered therein was restricted or limited because of her disabilities, and will be restricted or limited in the future unless and until the Defendant is compelled to remove the barriers to access and remedy all ADA violations which exist at its property including those set forth in this complaint.

2.     Defendants own, lease, lease to, or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.  The place of public accommodation that the Defendants own, operate, lease or lease to is known as Sizzling Grill, and is located in the County of Polk.

3.     Venue is properly located in the Middle District of Florida because venue lies in the judicial district of the property situs.  The Defendants' property is located in and does business within this judicial district.

4.     Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202.

5.     As the owner, lessor, lessee, or operator of the subject premises, Defendants are required to comply with the ADA.  To the extent the property, or portions thereof, existed prior to January 26, 1993 ("pre-existing facility"), the owner, lessor, lessee, or operator has been under a continuing obligation to remove architectural barriers at that property whose removal was readily achievable, as required by 42 U.S.C. Section 12182.  To the extent that the property, or portions thereof, were constructed prior to January 26, 1993 ("newly constructed facility"), the owner, lessor, lessee, or operator was under an obligation to design and construct such facilities such that they are readily accessible to and usable by individuals with disabilities, as required by 42 U.S.C. Section 12183.  To the extent that the

      facility, or portions thereof, were altered in a manner that affects or could affect its usability ("altered facility"), the owner, lessor, lessee, or operator was under an obligation to make such alterations in such a manner that, to the maximum extent feasible, the altered portions are readily accessible to and usable by persons with disabilities.

6. Pursuant to 28 C.F.R. part 36.404, all newly constructed facilities were required to comply with the Standards For New Construction And Alterations, set forth in Appendix A to 28 C.F.R. part 36 ("ADAAG").  Pursuant to 28 C.F.R. part 36.404, all altered facilities were required to comply with the ADAAG to the maximum extent feasible.  Pursuant to 28 C.F.R. part 36.304, all measures taken to comply with barrier removal requirements of 42 U.S.C. Section 12182 must also comply with the ADAAG to the maximum extent feasible.  Failure to comply with these requirements constitutes a violation of the ADA.

7. A preliminary inspection of the Sizzling Grill at 21400 US Hwy 27 North, Lake Wales, Polk County, Florida has shown that violations exist.  These violations include, but are not limited to:

**<u>GENERAL</u>**

1. Defendants fail to adhere to a policy, practice and procedure to ensure that all goods, services and facilities are readily accessible to and usable by the disabled.

2. Defendants fail to maintain its features to ensure that they are readily accessible and usable by the disabled.

**PARKING/EXTERIOR**

3. The disabled parking space south side of building is non-compliant as there is no accessible route to the sidewalk from the access aisle.  2010 ADAAG violation:  206, 207, 402, 502.

4. The disabled parking space south side of building is non-compliant as the curb ramp protrudes into the access aisle.  2010 ADAAG violation:  406, 502.

5. The curb ramp that services the disabled parking space south side of building is non-compliant as the slope exceeds max 1:12 (8.33%) slope and has flared sides that exceed max 1:10 (10%) slope.  2010 ADAAG violation:  406.

6. The sidewalk (accessible route) south side of building (that connects the disabled parking space with the main east entrance) is non-compliant as the cross-slope of the sidewalk exceeds max 1:48 (2.1%) cross-slope.

7. The maneuvering space on the pull (exterior) side of the main east door is non-compliant as the slope exceeds max 1:48 (2.1%) for a depth of 60 inches (front approach).  2010 ADAAG violation: 404.

**INTERIOR**

8. The bar for food and beverage consumption is non-compliant as there is no lowered accessible section at max 34 inches above floor.  2010 ADAAG violation: 902.

9. The main service counter is non-compliant as there is no lowered accessible section at max 36 inches above floor.  2010 ADAAG violation: 904.

10. The bar area seating is non-compliant as all bar area seating is high top tables. As such, a minimum of 5% of the tables (seating) is not accessible. 2010 ADAAG violation: 902.

11. The tables in dining room are non-compliant as a minimum of 5% of the tables (seating) is not accessible. 2010 ADAAG violation: 226, 902.

12. The informational and directional signage is non-compliant as there are multiple restrooms and there is currently no signage that directs persons with disabilities to the location of the dedicated accessible restrooms. 2010 ADAAG violation: 216.

**ACCESSIBLE MEN'S RESTROOM**

13. The maneuvering space on the pull (latch) side of the main door is non-compliant, as there is not the required 18-inch-wide by 60-inch-deep maneuvering space. 2010 ADAAG violation: 404, 603, 604.

14. The signage at restroom door is not compliant as there is no Braille signage that identifies the dedicated accessible restroom. 2010 ADAAG violation: 703.

15. The sink is non-compliant as there is not the required knee clearance under the sink (as cabinet sink). 2010 ADAAG violation: 606.

16. The towel and soap dispenser are non-compliant as the height exceeds max 48 inches above floor. 2010 ADAAG 308, 604.

17. The accessible stall is non-compliant as the stall door does not provide the required maneuvering space on the interior side of door. 2010 ADAAG 604.

18. The accessible stall door is non-compliant as the door hardware is non-compliant as the height of the lock exceeds max 48 inches above floor. 2010 ADAAG 308, 604.

19. The accessible stall door is non-compliant as there is not pull door hardware on the exterior side of door. 2010 ADAAG 404, 604.

20. The accessible stall is non-compliant as the toilet paper dispenser is not below the side grab bar and above max 48 inches above floor. 2010 ADAAG 308, 604.

21. The coat hook in the accessible stall is non-compliant as the height exceeds max 48 inches above floor. 2010 ADAAG 308, 604.

8. Plaintiff has visited the property which forms the basis of this lawsuit on July 5, 2019 1md again on July 6, 2019, and plans to return to the property in the near future to avail herself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant. The Plaintiff has encountered barriers at the subject property which discriminate against her on the basis of her disability.

9. In the alternative, Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

10. The violations present at Defendants' facility, create a hazard to Plaintiff's safety.

11. Plaintiff is continuously aware of the violations at Defendants' facility and is aware that it would be a futile gesture to return to the property as long as those violations exist unless she is willing to suffer additional discrimination.

12. The violations present at Defendants' facility infringe Plaintiff's right to travel free of discrimination. Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendants' facility. By continuing to operate a place of public accommodation with discriminatory conditions, Defendants contribute to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions at Defendants' facility, and knowing that it would be a futile gesture to return unless she is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public and is deterred and discouraged from additional travel. By maintaining a public accommodation with violations, Defendants deprive plaintiff the equality of opportunity offered to the general public.

13. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendants' discrimination until the Defendants are compelled to comply with the requirements of the ADA.

14. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property

as described but not necessarily limited to the allegations in paragraph 7 of this Complaint.  Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendants. Plaintiff desires to visit the Sizzling Grill not only to avail herself of the goods and services available at the property but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

15. The Defendants have discriminated against the Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject property, as prohibited by 42 U.S.C. § 12182 et seq.

16. The discriminatory violations described in paragraph 7 are not an exclusive list of the Defendants' ADA violations.  Plaintiff requires the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.  The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this

discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

17. Defendants have discriminated against the Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

18. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

19. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants to alter the Sizzling Grill to make those facilities readily accessible and useable to the

        Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendants cure their violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

    a.    The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq..

    b.    Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

    c.    An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

    d.    The Court issue all remedies available under 42 U.S.C. Sections 12188 and 2000a-3(a) including but not limited to preventive relief,  permanent or temporary injunction, restraining order, or other order, as the Court deems just and proper."

  e.  Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

    Respectfully Submitted,

|  | PHILIP MICHAEL CULLEN, III'<br>Attorney-at-Law -- Chartered<br>621 South Federal Highway, Suite Four<br>Fort Lauderdale, Florida 33301<br>954-462-0600<br>fax 954-462-1717<br>CULLENIII@aol.com<br>Florida Bar. Id. No. 167853<br><br>By:*/s/ Philip Michael Cullen, III,* |
|---|---|
|  |  |